A96A0717. JELLICO v. EFFINGHAM COUNTY et al.
(471 SE2d 36)

POPE, Presiding Judge.

Plaintiff Francis E. Jellico, Jr., who was a certified building inspector for Effingham County, Georgia, sued defendants Effingham County, the County's Board of Commissioners and the County's chief building inspector for constructive wrongful termination.[1] In his complaint, plaintiff alleged that in 1992 he discovered that certain buildings were being constructed in violation of applicable building codes. After plaintiff refused to certify the buildings for habitation, he learned that the buildings were being certified, over his objection, by his immediate supervisor — the chief building inspector. Plaintiff confronted his supervisor about the matter, but the supervisor continued to certify the buildings. Subsequently, plaintiff complained about the alleged violations and certification of the buildings to the Board of Commissioners. The Board, however, ignored plaintiff's complaints and failed to take any action. Believing that he potentially might be liable for any improper building certification, plaintiff contends that he felt compelled to resign from his position as a building inspector, and that his resignation amounted to a constructive wrongful termination.

Defendants answered plaintiff's complaint, denying the material allegations contained therein, and moved to dismiss the complaint. The trial court granted defendants' motion to dismiss on the ground that plaintiff had no basis for recovery for alleged wrongful termina-

---

[1] Plaintiff also originally asserted a claim against defendants for intentional infliction of emotional distress, but he voluntarily dismissed that claim.

tion because he was merely an "at-will" employee. Finding no error in the trial court's judgment, we affirm.

In this State the general rule is that "[a]n employee, employed at will and not by contract, cannot bring an action against his employer for wrongful discharge from employment or wrongful interference with the employment contract when and where he is an at will employee with no definite and certain contract of employment. . . . The employer, with or without cause and regardless of its motives may discharge the employee without liability. [Cits.]" *Troy v. Interfinancial,* 171 Ga. App. 763, 766 (1) (320 SE2d 872) (1984); see also OCGA § 34-7-1; *Ikemiya v. Shibamoto America,* 213 Ga. App. 271, 273 (1) (444 SE2d 351) (1994); *Moore v. Barge,* 210 Ga. App. 552, 553 (1) (436 SE2d 746) (1993); *Mr. B's Oil Co. v. Register,* 181 Ga. App. 166, 167 (351 SE2d 533) (1986). Recognizing this rule, plaintiff nevertheless contends that under the facts of this case we should create a public policy exception to the rule which would allow him to maintain his cause of action. We cannot agree.

"It has been recognized that an employer's immunity from liability for discharge of an at-will employee 'may not apply to discharge for a reason that is impermissible on grounds of public policy. . . .' *A. L. Williams & Assoc. v. Faircloth,* 259 Ga. 767, 769 (3c), fn. 4 (386 SE2d 151) (1989). There is, however, a major difference between a general recognition, on the one hand, that there may exist 'public policy' exceptions to a long-recognized proposition of state law and a specific recognition, on the other hand, that the determination of the existence of a 'public policy' and how to enforce it is a judicial function. The courts of this state have consistently held that they will not usurp the legislative function and, under the rubric that they are the propounders of 'public policy,' undertake to create exceptions to the legal proposition that there can be no recovery in tort for the alleged 'wrongful' termination of the employment of an at-will employee. That the courts of other jurisdictions may have done so is of no consequence because 'in Georgia . . . this rule is statutory. . . . (Cit.)' *Goodroe v. Ga. Power Co.,* 148 Ga. App. 193, 194 (1) (251 SE2d 51) (1978). Accordingly, 'Georgia courts have refused to acknowledge any exceptions not encompassed by OCGA § 34-7-1, (cit.), and in the absence of any express statutory provision for such a civil remedy . . ., we decline . . . to create judicially such a remedy. "Courts may interpret laws, but may not change them. (Cit.)" (Cit.) "These inadequacies in our existing law, however, if they be such, cannot be supplied by the courts, and may only be corrected by the General Assembly." (Cit.)' *Evans v. Bibb Co.,* 178 Ga. App. 139-140 (1) (342 SE2d 484) (1986)." *Borden v. Johnson,* 196 Ga. App. 288, 289 (1) (395 SE2d 628) (1990).

In the instant case, it is undisputed that the legislature has not

created a specific public policy exception to OCGA § 34-7-1 that would allow plaintiff to recover on his claim of constructive wrongful termination. As such, it follows that the trial court correctly granted defendants' motion to dismiss. Id. at 290 (1).

*Judgment affirmed. Andrews and Smith, JJ., concur.*

DECIDED MAY 2, 1996 —

*Wallace & Tetreault, Matthew W. Wallace*, for appellant.
*Painter, Ratterree & Bart, Sarah B. Akins*, for appellees.