A98A1445. ROBINS FEDERAL CREDIT UNION et al. v. BRAND et al.
(507 SE2d 185)

JOHNSON, Presiding Judge.

Following the grant of their application for interlocutory review, Robins Federal Credit Union and Edward Levins (the credit union) appeal a state court order denying their second motion for summary judgment. The credit union is a federal credit union chartered pursuant to the Federal Credit Union Act, 12 USC § 1751.

This suit arises from claims of wrongful termination, tortious interference with shareholder rights, and breach of fiduciary duty. The credit union and Levins removed the action to federal court. However, the United States District Court granted a motion to remand brought by appellee credit union employees, D. Ronnie Brand, Peggy Correia, Harry Moore and Duncan Smith. The District Court held that the employees had no right of action under the Federal Credit Union Act, 12 USC § 1751 et seq., and that upon remand, the state court would be limited to a consideration of the employees' right to relief under Georgia law. *Brand v. Robins Fed. Credit Union*, 969 FSupp. 778, 780 [6, 7] (M.D. Ga. 1997).

The issue in the present case is whether the credit union employees were terminable at will or are afforded protection against discharge under Georgia law because they are employees of a federal agency. The trial court concluded inter alia that: (i) the credit union was an agency of the federal government and not a private employer, (ii) the credit union employees were quasi-government employees and had a vested property interest in their employment, and (iii) the credit union employees could not be fired without cause (thereby impliedly recognizing a public policy exception for quasi-government employees to the "at will" statute, OCGA § 34-7-1). For reasons that follow, we reverse this ruling by the trial court.

1. Is the Robins Federal Credit Union a federal agency? After a thorough review of both Georgia and federal law, we conclude that it is not.

The term "federal credit union" means a cooperative association organized in accordance with Chapter 14, 12 USC § 1751 et seq., for the purpose of promoting thrift among it members and creating a source of credit for provident or productive purposes. 12 USC § 1752 (1). The control and management of a federal credit union are not vested in the federal government but in its membership and their duly elected board of directors. *Jesinger v. Nevada Fed. Credit Union*, 24 F3d 1127, 1132 [4, 5] (9th Cir. 1994). Although credit unions are subject to a unique amount of governmental control under the Federal Credit Union Act, they are not federal agencies. See id.; *Cuenca v. Safeway &c. Fed. Credit Union*, 225 Cal. Rptr. 852, 857 (8) (Cal. App. 1986); see also *Northeast Fed. Credit Union v. Neves*, 837 F2d 531, 535 (4) (1st Cir. 1988); cf. *Morast v. Lance*, 807 F2d 926, 929 (2), (3) (11th Cir. 1987).

2. Under Georgia law, a public employee has a property right interest in his or her job whenever the employee may be dismissed only for cause. *Maxwell v. Mayor &c. Savannah*, 226 Ga. App. 705, 707 (1) (487 SE2d 478) (1997). This is a recognized "public employees" exception to the at-will statute, OCGA § 34-7-1. However, as federal credit unions are not federal agencies, employees of federal

credit unions are not public employees within the meaning of OCGA § 34-7-1, and no exception to this statute exists to which the credit union employees can claim benefit. We cannot agree with the contention that there exists a class of "quasi-public employees" who should be included within the "public employee" exception to OCGA § 34-7-1.

Judicially created exceptions to OCGA § 34-7-1 or any other statute are not favored under Georgia law. This principle applies even when termination of employment is alleged to have been in retaliation for legitimate employee conduct. For example, in *Evans v. Bibb Co.*, 178 Ga. App. 139 (1) (342 SE2d 484) (1986), this Court would not judicially create "a public policy exception to an employer's right to discharge an employee at will when the right is exercised in retaliation for the employee's assertion of his rights" under the Georgia Workers' Compensation Act. "The courts of this state have consistently held that they will not usurp the legislative function and, under the rubric that they are the propounders of 'public policy,' undertake to create exceptions to the legal proposition that there can be no recovery in tort for the alleged 'wrongful' termination of the employment of an at-will employee. . . . Georgia courts have refused to acknowledge any exceptions not encompassed by OCGA § 34-7-1, and in the absence of any express statutory provision for such a civil remedy, we decline to create judicially such a remedy." (Citations and punctuation omitted.) *Jellico v. Effingham County*, 221 Ga. App. 252, 253 (471 SE2d 36) (1996); accord *Borden v. Johnson*, 196 Ga. App. 288, 289-290 (1) (395 SE2d 628) (1990); *Evans*, supra.

3. The credit union employees, principally relying upon a broad interpretation of *Cleveland Bd. of Ed. v. Loudermill*, 470 U. S. 532 (105 SC 1487, 84 LE2d 494) (1985), contend that they were vested with property rights in their employment pursuant to various provisions of the Federal Credit Union Act and therefore have a right of action for wrongful termination under Georgia law. We disagree.

As determined in *Brand*, supra, the credit union employees had no express or implied private right of action under the Federal Credit Union Act. If the Federal Credit Union Act had created any form of property right in their employment, the employees' termination should have resulted in a cause of action arising under the Act.

Since the credit union was not a public agency and since the credit union employees were not public employees under Georgia law, the employees cannot claim a public employee exception to the employment at-will statute. Moreover, mere status as a public employee would not, standing alone, support the granting of a public policy exception. Compare *Maxwell*, supra at 707 (1), where a public employee was found to have a sufficient property right in his employment because he could only be terminated for good cause.

*Loudermill*, supra at 538, held that property interests are not

created by the Constitution but are created and their dimensions are defined " 'by existing rules [and] understandings that stem from an independent source such as state law.' " This holding is silent regarding whether a provision of the Federal Credit Union Act could constitute "an independent source" creating a property right in private sector employment which, although insufficient to give rise to an express or implied right of action under the Act, could give rise to a state cause of action for wrongful termination. However, in *Warren v. Crawford*, 927 F2d 559, 562 (3) (11th Cir. 1991), it was held: "The Fourteenth Amendment protects against the government's deprivation of liberty or property without procedural due process. [Cit.] *State law* determines whether a public employee has a property interest in his or her job. [Cit.]" (Emphasis supplied.) If state law determines whether a public employee has a property interest in his or her employment, it also will be determinative whether a private sector employee has a property interest. Under existing Georgia law, there is no public policy exception to OCGA § 34-7-1 in favor of the credit union employees. Finally, we note that *Loudermill*, relied upon by appellees, is distinguishable on its facts; Loudermill was classified as a civil servant under Ohio law and by state statute could only be terminated for cause.

*Judgment reversed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 17, 1998 —<br>RECONSIDERATION DENIED SEPTEMBER 25, 1998 —

*Jackson, Lewis, Schnitzler & Krupman, Dion Y. Kohler, Mary E. Sharp*, for appellants.

*Sell & Melton, Joseph W. Popper, Jr., Kevin T. Brown*, for appellees.