[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 7, 2000
THOMAS K. KAHN
CLERK

_____

No. 98-8400

_____

D. C. Docket No. 97-01359-1-TWT

RICHARD REILLY,

Plaintiff-Appellant,

versus

ALCAN ALUMINUM CORP.,
ALCAN ALUMINUM LTD.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 7, 2000)**

Before EDMONDSON, COX and BIRCH, Circuit Judges.

BIRCH, Circuit Judge:

This case returns to us for disposition from the Supreme Court of Georgia, to which we certified two questions of Georgia state law. Richard Reilly, a former employee of Alcan Aluminum, Ltd. ("Alcan"), brought suit in the Northern District of Georgia alleging that violations by Alcan of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and Georgia's age discrimination statute, Ga. Code. Ann. § 34-1-2, violated public and private duties owed by Alcan under Ga. Code. Ann. §§ 51-1-6 and 51-1-8 and gave him a cause of action in tort under state law. Reilly was terminated by Alcan on July 31, 1994. He brought suit in the Northern District of Georgia in May of 1997. The district court dismissed the complaint. The factual and procedural history of the case can be found in our previous opinion certifying the case to the Supreme Court of Georgia and will not be repeated here. See Reilly v. Alcan Aluminum Corp., 181 F.3d 1206 (11th Cir. 1999).

In order to decide whether the district court properly dismissed the case, we certified the following two questions to the Supreme Court of Georgia:

1. DOES GA. CODE ANN. § 51-1-6 OR § 51-1-8 GIVE RISE TO A COGNIZABLE CLAIM FOR BREACH OF A LEGAL DUTY WHERE THE DUTY ALLEGEDLY BREACHED IS THE VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA), 29 U.S.C. § 621 ET SEQ.?

2.    DOES GA. CODE ANN. § 51-1-6 OR § 51-1-8 GIVE RISE TO A COGNIZABLE CLAIM FOR BREACH OF A LEGAL DUTY WHERE THE DUTY ALLEGEDLY BREACHED IS THE VIOLATION OF GA. CODE ANN. 34-1-2?

Id. In certifying these questions, we noted that Reilly's status as an employee-at-will might be relevant to the Georgia court's analysis.

In answering both certified questions in the negative, the Supreme Court of Georgia found that Reilly's status as an at-will employee was, in fact, dispositive. See Reilly v. Alcan Aluminum Corp., 528 S.E.2d 238, 239 (Ga. 2000). An employee-at-will in Georgia may be terminated without judicial recourse for wrongful termination. Id. See also Ga. Code. Ann. § 34-7-1 (providing that "[a]n indefinite hiring may be terminated at will by either party.") Public policy exceptions exist, however, "judicially created exceptions are not favored, and Georgia courts thus generally defer to the legislature to create them." Id. at 239-40. The court reviewed the language of Ga. Code. Ann. §§ 51-1-8 and 51-1-6 and found that the statutes did not create exceptions to the general rule governing at-will employees, but merely set out general principles of tort law. Id. at 240.

The court also noted that, unlike in other discrimination statutes, the General Assembly did not create a civil remedy for age discrimination under Ga. Code. Ann. § 34-1-2, but allowed only a criminal penalty. Id. As a result, the court found that "the general tort provisions of § 51-1-6 and § 51-1-8 cannot be read so as to create a

3

civil action for age discrimination based upon a violation of either § 34-1-2 or the ADEA." Id.

Based on the Supreme Court of Georgia's opinion, we conclude that the district court did not err in dismissing Reilly's complaint. We AFFIRM.