## S99Q1590. REILLY v. ALCAN ALUMINUM CORPORATION et al.
### (528 SE2d 238)

SEARS, Justice.

The United States Court of Appeals for the Eleventh Circuit has certified the following two questions to this court:[1] (1) Does OCGA § 51-1-6 or § 51-1-8 give rise to a cognizable claim for breach of a legal duty where the duty allegedly breached is the violation of the Age Discrimination in Employment Act (ADEA), 29 USC § 621 et seq.? (2) Does OCGA § 51-1-6 or § 51-1-8 give rise to a cognizable claim for breach of a legal duty where the duty allegedly breached is the violation of OCGA § 34-1-2? For the reasons that follow, we answer both of these questions in the negative.

Appellant Richard Reilly began working for appellee Alcan Aluminum Ltd. ("Alcan") in 1974 in the area of safety management. In 1994, Alcan terminated Reilly's employment. Reilly subsequently filed a complaint in the Northern District of Georgia, alleging that Alcan violated the ADEA when it terminated his employment, and that this constituted a breach of a state imposed public duty under § 51-1-6. In this regard, Reilly contended that Alcan used a "grade-age matrix" in making personnel decisions, and that Reilly's age impermissibly influenced Alcan's decision to terminate him. Reilly also alleged that Alcan violated Georgia's age discrimination statute, § 34-1-2, in terminating him, and that in doing so, Alcan violated public and private duties created by §§ 51-1-6 and 51-1-8.

The district court dismissed Reilly's complaint for failure to state a claim upon which relief can be granted, ruling, among other things, that neither § 51-1-6 nor § 51-1-8 creates a cause of action for the alleged underlying violation of the ADEA or § 34-1-2. The district court also based its dismissal on the ground that Reilly was an employee at-will. The court reasoned that since § 51-1-6 and § 51-1-8 do not specifically create exceptions to the at-will employee doctrine, Reilly could not recover in tort under Georgia law for his discharge. In certifying its questions to this Court, the Eleventh Circuit Court of Appeals stated that this Court was free to consider the significance of Reilly's employee at-will status in considering the certified questions.[2]

We conclude that Reilly's status as an at-will employee is dispositive of the certified questions, and requires that we answer both questions in the negative.

Pursuant to OCGA § 34-7-1, an at-will employee generally may be terminated for any reason, and the employee may not recover

---

[1] See *Reilly v. Alcan Aluminum Corp.*, 181 F3d 1206, 1209-1210 (11th Cir. 1999).

[2] *Reilly*, 181 F3d at 1209, n. 3.

from the employer in tort for wrongful discharge.[3] Although there can be public policy exceptions to the doctrine, judicially created exceptions are not favored, and Georgia courts thus generally defer to the legislature to create them.[4] In the present case, we need not consider the extent of this Court's authority to create an exception to the employee-at-will doctrine because we conclude that the various statutes express the General Assembly's intent, and thus the public policy, that an at-will employee may not sue in tort under § 51-1-6 or § 51-1-8 for wrongful discharge based upon age discrimination.

First, §§ 51-1-6[5] and 51-1-8[6] merely set forth general principles of tort law, and do not specifically create an exception to the at-will employee doctrine. Moreover, when the General Assembly enacted Georgia's age discrimination statute in 1971,[7] it did not provide a civil remedy, but instead only provided for criminal misdemeanor penalties. The failure to provide a civil remedy in § 34-1-2 is significant considering that the General Assembly has created specific civil remedies in other areas of employer action against employees[8] and considering that the General Assembly is presumed to have enacted the statute with knowledge that under existing law, the employee-at-will doctrine precluded employees from bringing a tort action against their employers for wrongful discharge. Because the inability of an at-will employee to sue in tort for wrongful discharge is a fundamental statutory rule governing employer-employee relations in Georgia; because the General Assembly did not specifically provide a civil action as a remedy when enacting Georgia's age discrimination statute, although it has specified such remedies in other areas of employer-employee relations; and because the specific provisions of §§ 34-7-1 and 34-1-2 must control over the more general tort provisions of §§ 51-1-6 and 51-1-8, we conclude that the General Assembly

---

[3] See *Ga. Power Co. v. Busbin*, 242 Ga. 612 (250 SE2d 442) (1978); *Robins Federal Credit Union v. Brand*, 234 Ga. App. 519, 521 (507 SE2d 185) (1998); *Jellico v. Effingham County*, 221 Ga. App. 252, 253 (471 SE2d 36) (1996); *Borden v. Johnson*, 196 Ga. App. 288, 289-290 (1) (395 SE2d 628) (1990).

[4] *Robins Federal Credit Union*, 234 Ga. App. at 521; *Jellico*, 221 Ga. App. at 253.

[5] OCGA § 51-1-6 provides that

[w]hen the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby.

[6] OCGA § 51-1-8 provides that "[p]rivate duties may arise from statute or from relations created by contract, express or implied. The violation of a private duty, accompanied by damage, shall give a right of action."

[7] OCGA § 34-1-2.

[8] E.g., OCGA § 34-1-3 (providing a civil remedy for an employee who is discharged from work for being absent in order to attend a judicial proceeding pursuant to a subpoena); OCGA §§ 34-5-3 and 34-5-5 (§ 34-5-3 specifies a criminal penalty for wage discrimination on the basis of gender while § 34-5-5 specifies a civil remedy for such conduct).

did not intend for age discrimination to provide the basis for a tort of wrongful discharge in this State. We therefore conclude that the general tort provisions of §§ 51-1-6 and 51-1-8 cannot be read so as to create a civil action for age discrimination based upon a violation of either § 34-1-2 or the ADEA.

We reached a similar conclusion in *Doss v. Food Lion*[9] when considering whether

> Georgia Law recognize[d] an independent cause of action apart from any remedy available under the Georgia Workers' Compensation Act where an employer and/or insurer has intentionally delayed authorizing medical treatment to which an employee is entitled under the Act and where such delay has exacerbated a work-related physical injury.[10]

Because the Workers' Compensation Act provides the exclusive remedy for an employee against an employer when the Act is applicable, and because the Act also provides penalties to punish employers for unreasonable delays in authorizing medical treatment, we concluded that the statutory scheme indicated that the legislature did not intend to create an independent tort when an employer intentionally delays in authorizing treatment. We concluded that "any enlargement of benefits and remedies" would have to originate with the General Assembly,[11] and we overruled a Court of Appeals case[12] that relied in part upon §§ 51-1-6 and 51-1-8 to rule that an independent cause of action did exist in such cases.[13]

For the foregoing reasons, we conclude that the relevant statutory schemes demonstrate the General Assembly's intent not to provide for a civil action in tort for age discrimination. Accordingly, we answer both certified questions in the negative.

*Questions answered in the negative. All the Justices concur.*

DECIDED MARCH 27, 2000.

*Dennis R. Thompson*, for appellant.

*Jones, Day, Reavis & Pogue, Glen D. Nager, Gregory A. Castanias, Paul R. Reichert, Milbank, Tweed, Hadley & McCloy, Jane L. Hanson*, for appellees.

*Nelson, Hill, Lord & Beasley, John F. Beasley, Jr., Sweat & Giese,*

---

[9] 267 Ga. 312 (477 SE2d 577) (1996).

[10] *Doss*, 267 Ga. at 312.

[11] *Doss*, 267 Ga. at 313.

[12] *Zurich American Ins. Co. v. Dicks*, 220 Ga. App. 725, 728 (470 SE2d 279) (1996).

[13] *Doss*, 267 Ga. at 313.

*Thomas C. Shanahan, Elarbee, Thompson & Trapnell, J. Lewis Sapp, Victor A. Cavanaugh, Richard R. Gignilliat, Douglas H. Duerr, William D. Deveney*, amici curiae.