## A01A2533. ECKHARDT et al. v. YERKES REGIONAL PRIMATE CENTER.

(561 SE2d 164)

MILLER, Judge.

Bonnie Eckhardt and Bridget Mueller appeal from the trial court's grant of the Yerkes Regional Primate Center's motion to dismiss. We affirm.

A motion to dismiss is granted only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of her claim. *Mattox v. Yellow Freight Systems*, 243 Ga. App. 894 (534 SE2d 561) (2000). We review the grant of a motion to dismiss de novo. Id.

The appellants contend that they were terminated as employees for the Yerkes Regional Primate Center because they documented and internally reported a transfer procedure which presented a danger to employees and the public. They complained that the Center's practice of transporting macaque monkeys was a substantial public health risk as the monkeys are infected with the highly contagious and virulent Herpes B virus, which is potentially fatal if contracted by humans. The appellants argue that because they were whistle-blowers to the hazard involved in the handling of the monkeys, their terminations violated public policy in this state and that discharging employees for such actions discourages employees from reporting unsafe procedures.

1. The appellants contend that the trial court erred in failing to expand Georgia law to include this public policy exception to the at-will employment doctrine. In Georgia, the general rule is that

> an employee, employed at will and not by contract, cannot bring an action against his employer for wrongful discharge from employment or wrongful interference with the employment contract when and where he is an at will employee with no definite and certain contract of employment. The employer[ ] with or without cause and regardless of its motives may discharge the employee without liability.

(Citations and punctuation omitted.) *Jellico v. Effingham County*, 221 Ga. App. 252, 253 (471 SE2d 36) (1996); *Borden v. Johnson*, 196 Ga. App. 288, 289 (1) (395 SE2d 628) (1990); see OCGA § 34-7-1. The appellants are correct that there are certain legislatively created public policy exceptions to the at-will doctrine, but none apply to this case. See, e.g., OCGA §§ 18-4-7 (employer cannot discharge employee whose earnings are subject to garnishment); 34-1-3 (employer cannot

discharge employee who is absent to attend judicial proceeding in response to court order). Moreover,

> [t]he courts of this state have consistently held that they will not usurp the legislative function and, under the rubric that they are the propounders of "public policy," undertake to create exceptions to the legal proposition that there can be no recovery in tort for the alleged "wrongful" termination of the employment of an at-will employee. That the courts of other jurisdictions may have done so is of no consequence. . . .

(Citations and punctuation omitted.) *Jellico*, supra, 221 Ga. App. at 253. "[I]n the absence of any express statutory provision for such a civil remedy, we decline to create judicially such a remedy. Courts may interpret laws, but may not change them." (Citations and punctuation omitted.) Id. Regardless of whether this court agrees with appellants that there should be a public policy exception to the at-will doctrine in this case, we are constrained to leave that determination to the General Assembly.

As the legislature has not created a public policy exception that would allow a plaintiff to recover on a claim of wrongful termination for whistleblowing in these circumstances, the trial court did not err in dismissing the claim. See *Yellow Freight Systems*, supra, 243 Ga. App. at 896; *Jellico*, supra, 221 Ga. App. at 253-254.

2. The court also did not err in dismissing the appellants' claim for negligent retention. See OCGA § 34-7-20. As we found in Division 1, the appellants' claim for wrongful termination is without merit. Therefore, there is no underlying tort on which to base a negligent retention claim.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 22, 2002 — 

*Leslie E. Stewart*, for appellants.
*Fisher & Phillips, Burton F. Dodd, Gay M. Hamilton*, for appellee.