[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 5, 2010
JOHN LEY
CLERK

_____

No. 10-11368
Non-Argument Calendar

_____

D.C. Docket No. 1:08-cv-00088-WLS


TANYA DENISE CODY,

                                                        Plaintiff - Appellant,

                        versus

PALMYRA PARK HOSPITAL INC.,
d.b.a. Palmyra Medical Center Inc.,

                                                        Defendant - Appellee.


_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(October 5, 2010)

Before DUBINA, Chief Judge, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Tanya Cody appeals from the district court's dismissal of Cody's

wrongful termination claim under Georgia state law; dismissal of HCA Management Services, L.P. ("HCA"); and grant of summary judgment in favor of Palmyra Park Hospital, Inc. d/b/a Palmyra Medical Centers ("Palmyra") in her race discrimination and retaliation suit under 42 U.S.C. § 2000e *et seq.* ("Title VII") and 42 U.S.C. § 1981. First, Cody argues that the Supreme Court of Georgia has provided in dicta that a discharge based on race is a possible exception to the at-will employee doctrine.

"We review de novo the district court's grant of a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, accepting the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Id.* (internal quotation marks omitted).

Pursuant to O.C.G.A. § 34-7-1, an at-will employee generally may be terminated for any reason, and the employee may not recover from the employer in tort for wrongful discharge. *Reilly v. Alcan Aluminum Corp.*, 528 S.E.2d 238, 239-40 (Ga. 2000). Public policy exceptions to Georgia's at-will employee doctrine may exist. *Id.* at 239-240. However, Georgia courts disfavor judicially created

2

exceptions and defer to the legislature to create them. *Id.* at 240. In *Reilly*, the Georgia Supreme Court refused to find that a private cause of action existed under Georgia's penal age discrimination statute. *See id.* The court left it to the legislature to provide for a civil action in tort for age discrimination. *See id.*

In her brief, Cody cites no Georgia statutes creating a race discrimination exception to the employee-at-will doctrine. The Georgia cases on which Cody relies are dicta on the issue. Thus, these cases are not dispositive.

Second, Cody contends that the district court erred in dismissing HCA as a party because issue of whether HCA should be treated as her employer is a jury question. To survive a motion to dismiss, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, _ U.S. _, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Cody fails to argue on appeal that her complaint sufficiently alleged that HCA was her employer. Thus, she has abandoned that issue. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) (holding that claims not contained in the appellant's brief are deemed abandoned). Additionally, we

3

note that Cody's complaint merely labeled HCA as Cody's employer and stated that HCA owned and operated Palmyra, which is sufficient to support her claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-1965, 167 L. Ed. 2d 929 (2007) (holding that "a complaint requires more than labels, conclusions and a formulaic recitation of the elements of the cause of action").

Third, although Cody does not argue the merits of her § 1981 and Title VII race discrimination claims, she contends that the district court's grant of summary judgment on her retaliation claim should be reversed because Palmyra's reason for firing her is "more likely" pretext for discrimination.

A legal claim or argument that has not been specifically and clearly briefed before us is deemed abandoned and we will not address its merits. *Access Now, Inc.*, 385 F.3d at 1330. "If an argument is not fully briefed (let alone not presented at all) to the Circuit Court, evaluating its merits would be improper both because the appellants may control the issues they raise on appeal, and because the appellee would have no opportunity to respond to it." *Id.* Federal Rule of Appellate Procedure 28(a)(9)(A) requires that the argument section contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed.R.App.P. 28(a)(9)(A).

We review *de novo* the district court's grant of summary judgment and apply

4

the same standard used by the district court. *Burton v. Tampa Hous. Auth.*, 271 F.3d 1274, 1276-77 (11th Cir. 2001). "We review all evidence and factual inferences reasonably drawn from the evidence in the light most favorable to the non-moving party." *Id.* In reviewing Title VII claims that are supported by circumstantial evidence, we use the three-step burden-shifting framework established in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). The plaintiff must establish a *prima facie* case of discrimination, the defendant must then provide a legitimate non-discriminatory reason for the employment action, and the plaintiff must finally prove that the defendant's reason was a pretext for discrimination. *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1272-73 (11th Cir. 2002).

A *prima facie* case of retaliation under Title VII requires the plaintiff to show that: (1) she engaged in an activity protected under Title VII; (2) she suffered an adverse employment action; and (3) there was a causal connection  between the protected activity and the adverse employment action. *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008).

An employer's burden to articulate a non-discriminatory reason for an adverse employment action is a burden of production, not of persuasion. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254, 101 S. Ct. 1089, 1094, 67 L.

5

Ed. 2d 207 (1981). The burden is "exceedingly light." *Perryman v. Johnson Prods. Co., Inc.*, 698 F.2d 1138, 1142 (11th Cir. 1983).

To prove pretext, the plaintiff must show that the employer's proffered reasons were "a coverup for a . . . discriminatory decision." *Rojas v. Florida*, 285 F.3d 1339, 1342 (11th Cir. 2002) (internal quotation marks omitted). The court must evaluate whether the plaintiff has demonstrated "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Combs v. Plantation Patterns, Meadowcraft, Inc.*, 106 F.3d 1519, 1538 (11th Cir. 1997) (quoting *Sheridan v. E.I. DuPont De Nemourst & Co.*, 100 F.3d 1061, 1071 (3rd Cir. 1996) (en banc)). If the defendant's legitimate non-discriminatory reason is one that might motivate a reasonable employer, "a plaintiff cannot recast the reason but must meet it head on and rebut it." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1088 (11th Cir. 2004).

We conclude from the record that Cody has abandoned the 42 U.S.C. § 1981 and Title VII race discrimination claims, thus we will address only the retaliation claim. The district court found that Cody presented a *prima facie* case, and there is no dispute that Palmyra has provided a legitimate non-discriminatory reason for

6

terminating Cody.  Cody's argument that Palmyra's reason for terminating her was "more likely" pretext fails to challenge Palmyra's reason head-on because Cody fails to base any legitimate arguments on actual evidence.

Finally, Palmyra makes a request for sanctions under Fed.R.Civ.P. 11 and 28 U.S.C. § 1927.  Rule 11(b)(3) requires that a party must have knowledge, information or belief that her "factual contentions have evidentiary support or . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."  Fed.R.Civ.P. 11(b)(3).  Rule 11(c) provides that sanctions may be imposed on parties that violate Rule 11(b), and that these sanctions may be requested via a motion or ordered on the court's own initiative.  Fed.R.Civ.P. 11(c).  Additionally, any attorney who multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to pay excess costs, expenses and attorneys' fees.  28 U.S.C. § 1927.  Further, "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."  Fed.R.App.P. 38.

We have repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered.  *Access Now, Inc.*, 385 F.3d at 1330.  Additionally, sanctions for a frivolous appeal may be ordered, but

they must follow a motion or notice from the court and a reasonable opportunity to respond. Fed.R.App.P. 38. Palmyra's request for sanctions, made in its Answer Brief, is not enough to satisfy the requirements of Rule 38. *See Smith v. Kitchen*, 156 F.3d 1025, 1030 (10th Cir. 1997).

Palmyra failed to move for Fed.R.Civ.P. 11 sanctions in the district court, and has failed to file a motion for Fed.R.App.P. 38 sanctions here. Accordingly, we deny its request for sanctions.

For the aforementioned reasons, we affirm the district court's dismissal of Cody's wrongful termination claim and dismissal of HCA as a defendant. We also affirm the district court's summary judgment against Cody for the remaining claims, and we deny Palmyra's request for sanctions.

**AFFIRMED.**