[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 11-15554, 11-15651
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 5, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:11-cv-00700-RGV

HNAN ALHALLAQ,

Plaintiff-Appellant,

versus

RADHA SOAMI TRADING, LLC,
d.b.a. Seven Oaks Academy,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(June 5, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Hnan Alhallaq, a female Muslim proceeding *pro se*, appeals the district court's order dismissing her claims, in a lawsuit for hostile work environment based on religious harassment, in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-2(a)(1), conspiracy to violate her civil rights, in violation of 42 U.S.C. § 1985(2), and negligent hiring, retention, supervision, and failure to train, in violation of Georgia state law, as well as the court's denial of her motion to amend her complaint, pursuant to Federal Rule of Civil Procedure 15(a)(2). Alhallaq raises several issues on appeal, which we address in turn. After review, we affirm the district court.

## I.

Alhallaq contends her hostile work environment claim did not warrant dismissal because the religious harassment was sufficiently severe and pervasive to establish a Title VII violation.

We review *de novo* the district court's grant of a motion to dismiss a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008). A complaint may be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"A hostile work environment claim under Title VII is established upon proof that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002) (quotation omitted). To establish a hostile work environment claim, a plaintiff must show that: (1) she belongs to a protected group; (2) she has been subject to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) the employer is responsible for such environment under a theory of either vicarious or direct liability. *Id.*

The "severe or pervasive" requirement contains both an objective and a subjective component. *Id.* at 1276. Thus, the harassing "behavior must result in

3

both an environment that a reasonable person would find hostile or abusive and an environment that the victim subjectively perceives to be abusive." *Id.* (quotations and alterations omitted). In evaluating the harassment's objective severity, factors to consider include: "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." *Id.*

Title VII is not a "general civility code" and does not make actionable ordinary workplace tribulations. *Cotton v. Cracker Barrel Old Country Store, Inc.*, 434 F.3d 1227, 1234 (11th Cir. 2006). Thus, Title VII is not implicated "where there is the 'mere utterance of an epithet.'" *Miller*, 277 F.3d at 1276-77 (alteration omitted). We proceed with "common sense, and an appropriate sensitivity to social context, to distinguish between general office vulgarity and the conduct which a reasonable person in the plaintiff's position would find severely hostile or abusive." *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 811 (11th Cir. 2010) (en banc) (quotations omitted). "The speaker's meaning may depend on various factors including context, inflection, tone of voice, local custom, and historical usage." *Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 456 (2006). In addition, "[p]ersonal animosity is not the equivalent" of the type of

4

harassment prohibited by Title VII, and the plaintiff cannot turn a "personal feud" into such a Title VII claim. *McCollum v. Bolger*, 794 F.2d 602, 610 (11th Cir. 1986).

The district court did not err in dismissing Alhallaq's Title VII hostile work environment claim based on religious harassment. First, Alhallaq has not plausibly alleged[1] that the harassment, namely, the remarks that she was "dirty" and for her "to go to Hell" and "burn in Hell," and the playing of Christian gospel music, was done on account of her Muslim religion. Second, Alhallaq has not established the harassment was sufficiently severe or pervasive to alter the terms and conditions of her employment. The offensive conduct, albeit rude and insensitive, is not actionable under Title VII, as it amounted to mere offensive utterances or general vulgarity that Title VII does not regulate. Moreover, Title VII is not a "general civility code" and Alhallaq cannot make actionable ordinary workplace tribulations by turning a "personal feud" between herself and a co-worker into a Title VII religiously hostile work environment claim.

---

[1] We liberally construe *pro se* pleadings. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, the leniency afforded *pro se* litigants does not give the courts license to serve as *de facto* counsel or permit them to rewrite an otherwise deficient pleading in order to sustain an action. *GJR Inv., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

5

II.

Alhallaq asserts the district court erred in dismissing her civil conspiracy claim. She asserts the defendants conspired to withhold information, to manufacture evidence, and to deprive her of property in a state court proceeding, in violation of her civil rights, forming the basis for a civil conspiracy.

In conspiracy cases, a defendant must be informed of the nature of the alleged conspiracy and "[i]t is not enough to simply aver in the complaint that a conspiracy existed." *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984). Thus, conclusory, vague, and general allegations of conspiracy may justify dismissal of a complaint. *Id.*

To establish a conspiracy claim under 42 U.S.C. § 1985(2), a plaintiff must show a conspiracy "to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or

6

testified." 42 U.S.C. § 1985(2).[2] In addition, the plaintiff must have suffered an actual injury. *Morast v. Lance*, 807 F.2d 926, 930 (11th Cir. 1987).

A plaintiff seeking to recover under § 1985(2) for obstruction of the course of justice in the federal justice system must show a nexus between the alleged conspiracy and a federal court proceeding. *Bradt*, 634 F.2d at 800-01; *see also McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1035 n.2 (11th Cir. 2000) (en banc) (noting § 1985(2)'s phrase "court of the United States" does not refer to state courts); *Morast*, 807 F.2d at 930 (concluding that, because the Office of the Comptroller of the Currency was an administrative agency, it was not a federal court for purpose of § 1985(2)).

Alhallaq alleged to the district court that the defendants conspired against her during proceedings before the Equal Employment Opportunity Commission (EEOC), and now alleges that they conspired against her in relation to proceedings before a Georgia state court. Based on either of these allegations, Alhallaq's civil conspiracy claim fails under 42 U.S.C. § 1985(2) because this section applies only to federal court proceedings, not to administrative proceedings before the EEOC

---

[2] The last two clauses of § 1985(2) refer to conspiracies designed to deny or interfere with equal protection rights in any State or Territory, and plaintiffs seeking to recover under those clauses must show a racial or otherwise class-based discriminatory animus. *Bradt v. Smith*, 634 F.2d 796, 801 (5th Cir. Unit A Jan. 1981). The last two clauses of § 1985(2) are not applicable in this case.

or to state court proceedings. Moreover, Alhallaq's allegations are simply too conclusory, vague, and general to prevent dismissal of her complaint.

## III.

Alhallaq contends the district court erred in dismissing her negligent hiring and retention claim. Under Georgia law, an "employer is bound to exercise ordinary care in the selection of employees and not to retain them after knowledge of incompetency." O.C.G.A. § 34-7-20. "[L]iability for negligent hiring or retention requires evidence that the employer knew or should have known of the employee's propensity to engage in the type of conduct that caused the plaintiff's injury." *Middlebrooks v. Hillcrest Foods, Inc.*, 256 F.3d 1241, 1247 (11th Cir. 2001). A negligent retention claim is properly dismissed when there is no underlying tort upon which to base it. *See Eckhardt v. Yerkes Reg'l Primate Ctr.*, 561 S.E.2d 164, 166 (Ga. Ct. App. 2002); *see also MARTA v. Mosley*, 634 S.E.2d 466, 469 (Ga. Ct. App. 2006) ("A claim for negligent retention is necessarily derivative and can only survive summary judgment to the extent that the underlying substantive claims survive the same.").

The district court did not err in dismissing the negligent hiring and retention claim because Alhallaq did not identify the underlying tort upon which to base the negligence claim, which is necessarily derivative.[3]

IV.

Alhallaq asserts the district court erred in denying her leave to amend her first amended complaint because her second amended complaint would not be futile and there was no undue delay or dilatory motive on her part.

We review the denial of a motion to amend a complaint for an abuse of discretion. *Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1040 (11th Cir. 2006). However, we review the denial *de novo* when the district court denies leave to amend based on futility because it concludes that an amended complaint would necessarily fail as a matter of law. *Id.*

After a responsive pleading has been filed, subsequent amendments are permissible only with the opposing party's written consent or the court's leave, which the court "should freely give [] when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court should give a plaintiff an opportunity to amend her

---

[3] To the extent Alhallaq asserts she should be allowed to amend her complaint in the district court to allege an intentional infliction of emotional distress claim, she did not raise this claim in the district court and we cannot address it. *See Bryant v. Jones*, 575 F.3d 1281, 1308 (11th Cir. 2009) ("[A]bsent extraordinary circumstances, legal theories and arguments not raised squarely before the district court cannot be broached for the first time on appeal." ).

9

complaint rather than dismiss it when a more carefully drafted complaint might state a claim upon which relief could be granted. *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985). A district court may deny such leave where there is "substantial reason" for doing so, such as where (1) there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) allowing amendment would cause undue prejudice to the opposing party; or (3) amendment would be futile. *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999).

"[T]he denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *See id.* at 1320 (quotations omitted). In other words, "[b]ecause justice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008).

The district court correctly denied Alhallaq leave to file a second amended complaint because the proposed amendments would be futile. *See Weaver*, 169 F.3d at 1319. First, the proposed second amended complaint's addition of the words "hostile" and "religious" to the first amended complaint's caption for the Title VII claim—""work environment/harassment"—failed to correct the

10

deficiencies in the first amended complaint, as Alhallaq added no new facts to support this claim. In any event, the first amended complaint made clear that she was alleging a hostile work environment claim based on religious harassment.

Second, the proposed amended complaint's allegation that Alhallaq was constructively discharged in retaliation for her opposition to religious harassment is moot because the district court ruled in her favor on the Title VII retaliation claim and she accepted the defendants' settlement offer as to this claim.

Third, the proposed amended complaint's new cause of action for constructive discharge fails to plead a plausible claim, particularly given that the proposed complaint does not indicate whether the claim is being brought pursuant to state or federal law. To the extent that Alhallaq raised the constructive discharge claim under Title VII, the claim would fail because Alhallaq would not be able to prove that her working conditions were so "intolerable" that a "reasonable person" in her position would have felt "compelled to resign." *See Bryant v. James*, 575 F.3d 1281, 1298 (11th Cir. 2009). Indeed, "[e]stablishing a constructive discharge claim is a more onerous task than establishing a hostile work environment claim," and, as discussed above, her hostile work environment claim was properly dismissed. *Id.* To the extent Alhallaq brought the claim pursuant to Georgia state law, it likely would fail because Georgia does not permit

11

an at-will employee to maintain an action against her employer for constructive wrongful termination. *See Jellico v. Effingham Cnty.*, 471 S.E.2d 36, 37-38 (Ga. Ct. App. 1996). In any event, despite Rule 15(a)'s liberal amendment policy, Alhallaq may not use the district court as a testing ground for various legal theories. *See Fla. Evergreen Foliage*, 470 F.3d at 1042.

Additionally, the constructive discharge claim did not cure any deficiencies of the first amended complaint's malicious purpose or wanton behavior claim, which Alhallaq already had asserted was "basically a constructive discharge claim" in her response to the defendants' motion to dismiss. In liberally construing the malicious purpose or wanton behavior claim, the district court in fact considered the constructive discharge theory even though Alhallaq had raised it improperly. Nevertheless, the district court determined that such a theory failed. Because Alhallaq has not challenged this determination on appeal, she has abandoned any claim to the contrary. *See Timson*, 518 F.3d at 874 (stating "issues not briefed on appeal by a *pro se* litigant are abandoned").

Finally, the proposed amended complaint's new claim for punitive damages, per O.C.G.A. § 51-12-5.1, would be futile because it makes conclusory allegations with no factual basis. Because punitive damages are derivative of substantive tort claims, and thus can only be awarded as additional damages, and because Alhallaq

12

has failed to allege a valid tort, let alone demonstrate that any of her claims are viable and can survive the defendant's motion to dismiss, her claim for punitive damages would necessarily fail. *See Lilliston v. Regions Bank*, 288 Ga.App. 241, 246, 653 S.E.2d 306, 311 (Ga. Ct. App. 2007) (explaining dismissal of tort claims necessarily causes dismissal of claim for punitive damages).

In sum, the district court did not err in denying Alhallaq's motion for leave to file a second amended complaint because the proposed amendments would be futile. Indeed, Alhallaq's proposed second amended complaint failed to overcome her first amended complaint's deficiencies and otherwise failed to state valid claims.

**AFFIRMED.**