A90A0599. BORDEN v. JOHNSON et al.
(395 SE2d 628)

CARLEY, Chief Judge.

After appellant-plaintiff was discharged as appellee-defendants' at-will employee, she brought this tort action based upon allegations that her employment had been terminated because of her pregnancy. Appellees answered, denying the material allegations of appellant's complaint, and they subsequently moved for summary judgment. The trial court granted summary judgment in favor of appellees and appellant appeals.

1. Appellant urges that a genuine issue of material fact remains as to her tort claim for the "wrongful" termination of her employment. However, "[a]n employee, employed at will and not by contract, cannot bring an action against his employer for wrongful discharge from employment or wrongful interference with the employment contract when and where he is an at will employee with no definite and certain contract of employment. . . . The employer, with or without cause and regardless of its motives may discharge the employee without liability. [Cits.]" *Troy v. Interfinancial*, 171 Ga. App. 763, 766 (1) (320 SE2d 872) (1984).

Appellant nevertheless contends that a termination of her at-will employment because of her pregnancy would violate "public policy" and that she is, therefore, authorized to recover in tort for "wrongful" discharge. It has been recognized that an employer's immunity from liability for discharge of an at-will employee "may not apply to discharge for a reason that is impermissible on grounds of public policy, such as a discharge based upon race." *A. L. Williams & Assoc. v. Faircloth*, 259 Ga. 767, 769 (3c), fn. 4 (386 SE2d 151) (1989). There is, however, a major difference between a general recognition, on the one hand, that there may exist "public policy" exceptions to a long-recognized proposition of state law and a specific recognition, on the other hand, that the determination of the existence of a "public policy" and how to enforce it is a judicial function. The courts of this state have consistently held that they will not usurp the legislative function and, under the rubric that they are the propounders of "public policy," undertake to create exceptions to the legal proposition that there can be no recovery in tort for the alleged "wrongful" termination of the employment of an at-will employee. That the courts of other jurisdictions may have done so is of no consequence because "in Georgia . . . this rule is statutory. . . . [Cit.]" *Goodroe v. Ga. Power Co.*, 148 Ga. App. 193, 194 (1) (251 SE2d 51) (1978). Accordingly, "Georgia courts have refused to acknowledge any exceptions not encompassed by OCGA § 34-7-1, [cit.], and, in the absence of any express statutory provision for such a civil remedy . . ., we decline . . . to create judicially such a remedy. 'Courts may interpret laws, but may not change them. [Cit.]' [Cit.] 'These inadequacies in our existing law, however, if they be such, cannot be supplied by the courts, and may only be corrected by the General Assembly.' [Cit.]" *Evans v. Bibb Co.*, 178 Ga. App. 139-140 (1) (342 SE2d 484) (1986).

In this state, there clearly *do* exist certain viable "public policy" exceptions to the proposition that the employment of an at-will employee can be terminated for any reason whatsoever or for no reason at all. However, each of these "public policy" exceptions was created by the legislature, not by the courts, and none of those "public policy" exceptions purports to authorize appellant's instant tort claim

for "wrongful" termination of her employment. See OCGA § 18-4-7 (which prohibits the discharge of any employee because his earnings have been subjected to garnishment for any one indebtedness); OCGA § 34-1-2 (which criminalizes the discharge of employees on the basis of age); OCGA § 34-1-3 (which authorizes an employee who was discharged for attending a judicial proceeding in response to a court order or process to recover damages and attorney's fees); OCGA § 34-6A-1 et seq. (which authorizes an employee who was allegedly discharged as the result of a handicap to initiate a civil action). At-will employees, who are not otherwise within these specific state-recognized "public policy" exceptions, are not necessarily without any remedy when their employment is terminated. There are rights created under federal statutes which may be enforced by certain aggrieved at-will employees without regard to the principles of state law. Although those at-will employees may have no state remedy, they do have a viable remedy for the "wrongful" termination of their employment. The determination of whether these federal statutes are reflective of this state's "public policy" and if so, whether they are sufficiently comprehensive as to obviate the necessity for creation of an additional state remedy are matters to be addressed by legislators who are the elected representatives of the public.

Thus, an at-will employee whose employment is "wrongfully" terminated in violation of the "public policy" that is established by specific *state or federal statutes* may pursue his applicable *statutory remedy* without being barred by the proposition that an employer otherwise incurs no liability for discharging an at-will employee. See *A. L. Williams & Assoc. v. Faircloth*, supra at 769, fn. 4. However, unless our General Assembly has created a specific exception to OCGA § 37-7-1, an at-will employee has no viable state remedy in the form of a tort action for "wrongful" discharge against his or her former employer. See *Evans v. Bibb Co.*, supra at 139 (1). The General Assembly has not enacted such a "public policy" exception which is to be applied when an at-will employee's employment is allegedly terminated because of gender in general or pregnancy in specific. Compare OCGA § 34-5-1 et seq. (which neither concerns employment discharge nor creates a tort remedy, but which declares discriminatory *wage* practices on the basis of sex to be against "public policy" and authorizes an employee's recovery of *unpaid wages* for such practices). If appellant has any remedy, it is under federal law and not under the theory that she has a viable state tort claim. It follows that the trial court correctly granted summary judgment in favor of appellee as to appellant's "wrongful" discharge claim.

2. Since, under applicable provisions of state tort law, at-will employment can be terminated for any or no reason, that appellees discharged appellant for whatever reason, without more, gives rise to no

claim for the intentional infliction of emotional distress. See *Lane v. K-Mart Corp.*, 190 Ga. App. 113, 114 (3) (378 SE2d 136) (1989). The trial court correctly granted summary judgment in favor of appellees as to this claim.

3. We do not reach the issue of whether pregnancy is a "handicap" so as to authorize appellant to recover pursuant to OCGA § 34-6A-1 et seq. Appellant did not purport to state a claim under those statutory provisions, but asserted only tort claims for the "wrongful" termination of her at-will employment and the intentional infliction of emotional distress. The issue of whether discharge on the basis of pregnancy violates the "public policy" evidenced by OCGA § 34-6A-1 et seq. can only be addressed in the context of an action wherein enforcement of those statutory provisions is sought.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JUNE 25, 1990 —
REHEARING DENIED JULY 11, 1990 — CERT. APPLIED FOR.

*Warshauer & Lewyn, Michael J. Warshauer*, for appellant.
*Joe C. Ashworth*, for appellees.