S99G1287. NORTH GEORGIA REGIONAL EDUCATIONAL SERVICE AGENCY v. WEAVER.
(527 SE2d 864)

FLETCHER, Presiding Justice.

After she was fired, Linda R. Weaver sued the North Georgia Regional Educational Service Agency claiming that her termination violated OCGA § 45-1-4, the state whistleblower statute. The trial court granted summary judgment to RESA, and the Court of Appeals of Georgia reversed, holding that the statute applies to any state program or operation, including those with "administrative jurisdiction that is less than state-wide in its scope."[1] The issue on appeal is whether the North Georgia RESA is a state agency subject to the act's coverage or a local government unit to which the statute does not apply. Because we conclude that RESA is not a state agency and, therefore, does not fall within the definition of "public employer" in OCGA § 45-1-4, we reverse.

## FACTS

Construing the facts most favorably to Weaver as the person opposing summary judgment,[2] we find that Weaver worked for the North Georgia RESA for 15 years. In September 1994, she found her assistant at the copy machine making personal copies for Charles Gibson, the agency's executive director, and complained about the copying later that day to Gibson and her supervisor. Eight days later Gibson fired Weaver.

Weaver filed a lawsuit in state court alleging that RESA had violated the state whistleblower statute by terminating her for complaining about Gibson's personal use of the copy machine. She also sued Gibson and RESA in federal district court alleging violations of both the first amendment and OCGA § 45-1-4. She voluntarily dismissed her state lawsuit, but later filed a second suit that was stayed while the federal case was pending. The U.S. District Court granted summary judgment to RESA on Weaver's first amendment claim and dismissed without prejudice her state law claim. The Court of Appeals for the Eleventh Circuit affirmed, holding that the district

---

[1] See *Weaver v. North Ga. Reg'l Educ. Serv. Agency*, 238 Ga. App. 72 (517 SE2d 794) (1999).

[2] See *Alford v. Public Serv. Comm'n*, 262 Ga. 386 n.2 (418 SE2d 13) (1992).

court correctly decided "that Weaver's speech did not address matters of public concern and was, therefore, not protected by the first amendment."

After the federal case was concluded, the state court granted summary judgment to RESA, ruling that it was not a "public employer" under OCGA § 45-1-4 and the district court's findings of fact collaterally estopped Weaver's state law claim. Weaver appealed, and the court of appeals reversed.

## THE STATE WHISTLEBLOWER STATUTE

OCGA § 45-1-4 prohibits public employers from threatening or taking any personnel action as a reprisal against public employees who complain about fraud, waste, and abuse in state programs and operations.[3] The statute gives public employees the right to bring an action in superior court to have the retaliatory action set aside.[4] Subsection (a) describes the employers who are subject to the statute.

> "Public employer" means the executive branch of the state and any other department, board, bureau, commission, authority, or other agency of the state which employs or appoints a public employee or public employees except the office of the Governor, the judicial branch, or the legislative branch.[5]

Similarly, a "public employee" is a person employed by the executive branch or a state agency subject to the same exceptions.

Looking at the plain meaning of the statutory definition, we conclude that the whistleblower statute applies solely to persons employed in state government. By its terms, the statute does not apply to persons who work in the governor's office, the General Assembly, the judicial branch of state government, or any local unit of government.

## REGIONAL EDUCATIONAL SERVICE AGENCIES

As a regional agency, the North Georgia RESA is not clearly part of either state or local government. The Quality Basic Education Act provided for the establishment of the statewide network of regional educational service agencies.[6] These agencies were established to provide shared services to local school systems and direct instruc-

---

[3] See OCGA § 45-1-4 (d) (Supp. 1999).
[4] See OCGA § 45-1-4 (e).
[5] OCGA § 45-1-4 (a) (2).
[6] See 1985 Ga. Laws 1657, 1741 (codified at OCGA § 20-2-270).

tional programs to selected public school students.[7] They are governed by a board of control composed of one staff member from each participating school system and citizens elected by a caucus of local school board members.[8] The QBE designates all regional educational service agencies as " 'local units of administration.' "

> All local school systems, boards of control of regional educational service agencies established pursuant to Code Section 20-2-272, and any other local or regional public education agencies established pursuant to law shall be known as "local units of administration" for purposes of this article, except education agencies governed or regulated by boards of other state agencies or except where other specific provisions are made.[9]

Although these regional educational agencies have attributes of both a statewide entity and local entity, we conclude that they are more closely akin to local school systems. The North Georgia RESA is a local administrative unit that is governed by a board of control composed of local educators and citizens. It covers a six-county area in north central Georgia. The board of control hires and fires the staff based on the executive director's recommendation.[10] It is like a local school system in that it receives local and state funds,[11] is subject to the same policies and regulations of the State Board of Education,[12] and must follow locally established priorities and objectives.[13] The fact that the state auditor conducts its audit or that RESA initially admitted that it was subject to suit under OCGA § 45-1-4 does not transform RESA's status into a state agency covered under the act.

## PUBLIC EMPLOYERS

Both our caselaw and statutory law support the exclusion of the North Georgia RESA from the definition of public employer in the whistleblower statute. Last year, we held that local school districts were not a "department, board, bureau, commission, authority of the state" under the Georgia Environmental Policy Act.[14] We based that holding in part on the statutory language that showed that the legislature did not intend for the phrase "government agency" to receive

---

[7] See OCGA § 20-2-270.

[8] See Ga. Dep't of Educ. Reg. 160-5-1-.13 (1).

[9] OCGA § 20-2-242; see also OCGA § 20-2-989.6 (4) (defining "local unit of administration" as local boards of education or local boards of control of a RESA).

[10] See OCGA § 20-2-273.

[11] See OCGA §§ 20-2-272 (e); 20-2-274.

[12] See OCGA § 20-2-272 (b).

[13] See OCGA § 20-2-272 (d).

[14] See *Thornton v. Clarke County Sch. Dist.*, 270 Ga. 633, 634-635 (514 SE2d 11) (1999).

the broadest possible interpretation. In addition, the Office of the Attorney General has construed a similar definition of "public employer" in another act as including only "state agencies and other entities of state government."[15] Although not binding authority, we note that the attorney general's opinion specifically states that state entities do not include local school systems.

Moreover, a comparison of the definition of "public employer" in various state statutes shows that the legislature has adopted a more comprehensive definition when it wanted to include local and regional agencies. For example, the Drug-free Public Work Force Act of 1990 defines public employer not only as "any state agency, department, board, bureau, or other instrumentality," but also as "any agency covered under the State Merit System of Personnel Administration or any public school system" including institutions operated by local boards of education that receive state funds.[16] By comparison, the more restrictive definition of a public employer in the state whistleblower statute suggests that the legislature intended to limit the term to agencies exclusively within state government.[17]

Applying the plain meaning of the statutory language, we conclude that regional educational service agencies are not state agencies and, therefore, are not public employers under OCGA § 45-1-4. Because we conclude that the whistleblower statute does not cover the North Georgia RESA, we need not address the issue of collateral estoppel.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 6, 2000 —
RECONSIDERATION DENIED APRIL 11, 2000.

*Harben & Hartley, Phillip L. Hartley,* for appellant.
*E. Wycliffe Orr, Kristine E. Orr,* for appellee.

---

[15] 1989 Ga. Op. Att'y Gen. 99 (No. 89-45) (construing the Public Employee Hazardous Chemical Protection and Right to Know Act).

[16] OCGA § 45-23-3 (1990).

[17] See OCGA § 45-19-22 (1990) (Fair Employment Practices Act defines public employer as "any department, board, bureau, commission, authority, or other agency of the state which employs 15 or more employees within the state for each working day in each of 20 or more calendar weeks"); OCGA § 45-22-2 (1990) (Public Employee Hazardous Chemical Protection and Right to Know Act defines public employer as "any branch, department, board, bureau, commission, authority, or other agency of the state" that employs or appoints "employees"); OCGA § 45-24-2 (Supp. 1999) (Governmental Reorganization and Termination from Employment Reform Act of 1997 defines "employer" as "an employing unit within the government of the State of Georgia").