A00A0310. MATTOX v. YELLOW FREIGHT SYSTEMS, INC.
(534 SE2d 561)

RUFFIN, Judge.

Raymond Mattox was terminated from his employment with Yellow Freight Systems, Inc. after Yellow Freight learned that he had been charged with a crime nine years earlier. The crime had been discharged under the First Offender Act.[1] Mattox sued for wrongful discharge, and the trial court dismissed the action for failure to state a claim. He appeals. Because we conclude that Mattox's dismissal does not give rise to a private cause of action, we affirm.

"A motion to dismiss may be granted only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of his claim."[2] Our review is de novo.[3]

The legislature has established that employment for an indefinite period of time is employment at will.[4] An at-will employee can be terminated for any reason and may not generally recover from the employer for wrongful discharge.[5] The legislature has carved out certain statutory exceptions to the at-will employment doctrine, not

---

[9] Court of Appeals Rule 27 (c).
[10] See *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[1] OCGA §§ 42-8-60 through 42-8-65.
[2] *Croxton v. MSC Holding,* 227 Ga. App. 179, 180 (489 SE2d 77) (1997).
[3] Id.
[4] OCGA § 34-7-1.
[5] *Reilly v. Alcan Aluminum Corp.,* 272 Ga. 279 (528 SE2d 238) (2000).

applicable here.[6] Some of these statutes grant the employee a civil remedy for an employer violation. For example, an employee may recover actual damages from an employer who penalizes the employee for attending a judicial proceeding in response to a court order.[7] Other statutes proscribing employer conduct do not provide employees with an express cause of action.[8]

OCGA § 42-8-63, which governs the employment status of first offenders, provides that:

> Except as otherwise provided in this article, a discharge under this article is not a conviction of a crime under the laws of this state and may not be used to disqualify a person in any application for employment or appointment to office in either the public or private sector.

Mattox claims that Yellow Freight violated this provision and that such a violation allows him to recover for wrongful discharge.

We note that there is no statutory cause of action for violation of OCGA § 42-8-63, and Georgia courts have been unwilling to create judicial exceptions to the at-will employment doctrine.[9] But in OCGA § 51-1-6 the legislature has provided that:

> When the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby.

Thus we must address whether OCGA § 51-1-6 gives Mattox a cause of action if Yellow Freight dismissed him because of his "first offender" conviction. We hold that it does not.

Analysis of this question is controlled by *Reilly v. Alcan Aluminum Corp.*[10] In that case, the Supreme Court held that OCGA § 51-1-6 does not give rise to a cognizable claim for breach of a legal duty where the duty breached was the violation of OCGA § 34-1-2, which prohibits age discrimination in employment. The Supreme Court reasoned that:

> Because the inability of an at-will employee to sue in tort for wrongful discharge is a fundamental statutory rule gov-

---

[6] See *Borden v. Johnson*, 196 Ga. App. 288, 289-290 (1) (395 SE2d 628) (1990).

[7] OCGA § 34-1-3.

[8] See OCGA § 18-4-7 (prohibiting the discharge of an employee because his earnings have been subject to garnishment for any one indebtedness).

[9] See *Borden*, supra at 289.

[10] Supra.

erning employer-employee relations in Georgia; because the General Assembly did not specifically provide a civil action as a remedy when enacting Georgia's age discrimination statute, although it has specified such remedies in other areas of employer-employee relations; and because the specific provisions of §§ 34-7-1 and 34-1-2 must control over the more general tort provisions of §§ 51-1-6 and 51-1-8, we conclude that the General Assembly did not intend for age discrimination to provide the basis for a tort of wrongful discharge in this State.[11]

The same reasoning applies here. Thus, violation of OCGA § 42-8-63 does not give rise to a private cause of action because the statute does not specify a civil remedy. We are mindful that OCGA § 42-8-63 does not provide for criminal penalties for its violation, as does OCGA § 34-1-2. But, given the unequivocal language in *Reilly*, we do not believe that this warrants a different result. Because Mattox cannot establish a cause of action under OCGA § 51-1-6, he cannot establish a cause of action for a violation of OCGA § 42-8-63. It follows that he cannot recover against Yellow Freight under any set of facts provable under his complaint. Accordingly, the trial court properly dismissed this action.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MAY 11, 2000.

*Motten, Fisher & Goldman, Vaughn W. Fisher, Jr.,* for appellant.
*Fisher & Phillips, Michael C. Towers, Trisha M. Earls, Kayla D. May,* for appellee.