A05A1071. REID v. THE CITY OF ALBANY et al.
(622 SE2d 875)

RUFFIN, Chief Judge.

Proceeding pro se, Willie Henry Reid sued the City of Albany and three city employees for wrongful termination. The trial court dismissed the complaint for failure to state a claim upon which relief could be granted. Reid appeals, and for reasons that follow, we affirm.

A motion to dismiss " 'may only be granted if the allegations in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proved in support of the claim.' "[1] We review the trial court's ruling on a motion to dismiss de novo, construing the pleadings in favor of the plaintiff.[2]

Reid's two-page complaint contains very few allegations. He contends that he was "arbitrarily terminated" from employment with the City's engineering department and that the defendants "falsified" his "termination document." He further claims that the defendants "conspired to deceive Department of Labor investigators." With respect to the termination, Reid apparently contends that his dismissal violated the City's personnel policies, which, according to Reid's appellate brief, "had provisions for hiring, disciplining, firing, and due process to ensure employees were treated reasonably fair." In essence, he alleges that the termination violated his due process rights.

The defendants moved to dismiss the complaint, asserting that Reid's allegations — even if taken as true — failed to state a claim. They specifically noted that Reid was an at-will employee and thus, as a matter of law, could not bring a wrongful termination claim. The trial court granted the motion to dismiss.

1. Reid has admitted in several court filings that he was employed by the City at will and had no contractual right to continued employment. Under Georgia law, at-will employees may be terminated for any or no reason, and they generally cannot recover for wrongful discharge.[3] The motivation underlying the termination

---

[1] *Robinson v. Becker*, 265 Ga. App. 692, 693 (595 SE2d 319) (2004).

[2] See id. at 692-693; *Mattox v. Yellow Freight Systems*, 243 Ga. App. 894 (534 SE2d 561) (2000).

[3] See OCGA § 34-7-1; *Reilly v. Alcan Aluminum Corp.*, 272 Ga. 279, 279-280 (528 SE2d 238)

usually does not matter; an employer may discharge an at-will employee without liability.[4] As noted by our Supreme Court, this bar to wrongful discharge claims in the at-will employment context "is a fundamental statutory rule governing employer-employee relations in Georgia."[5]

The legislature has created limited exceptions to the statutory bar.[6] But Reid has not cited — and we have not found — an exception that applies here. On the contrary, allegations that an at-will employee's termination violated the employer's discipline policies do *not* give rise to a wrongful discharge claim.[7] Reid also alleges that he was terminated in retaliation for reporting his superior's wrongful use of city resources and that such termination violated various statutes. Again, however, he has provided no authority that might support a wrongful discharge claim based on this conduct.[8] And we decline to create a judicial exception to the statutory bar in this case.[9] Accordingly, the trial court properly dismissed these allegations.[10]

2. Reid further claims that the defendants falsified his separation notice filed with the Georgia Department of Labor ("DOL") and "conspired to deceive [DOL] investigators." These allegations apparently relate to the denial of unemployment benefits.

Under OCGA § 34-8-256 (b), an employer who knowingly makes false statements or representations to prevent or reduce unemployment compensation payments faces criminal penalties. And pursuant to OCGA § 34-2-13 (b), "[a]ny person who shall knowingly testify falsely, under oath, or shall knowingly make, give, or produce any false statements or false evidence, under oath, to the Commissioner

---

(2000); *Mattox,* supra; *Borden v. Johnson,* 196 Ga. App. 288, 289 (1) (395 SE2d 628) (1990).

[4] See *Hightower v. Kendall Co.,* 225 Ga. App. 71 (1) (483 SE2d 294) (1997).

[5] *Reilly,* supra at 280.

[6] See *Mattox,* supra at 894-895; *Borden,* supra at 289-290.

[7] See *Garmon v. Health Group of Atlanta,* 183 Ga. App. 587, 588-590 (1) (359 SE2d 450) (1987); *Miles v. Bibb Co.,* 177 Ga. App. 364 (1) (339 SE2d 316) (1985); see also *Wilson v. City of Sardis,* 264 Ga. App. 178, 179 (1) (590 SE2d 383) (2003) (public employees serving at will " 'have no legitimate claim of entitlement to continued employment and, thus, have no property interest protected by the due process clause' ").

[8] Compare OCGA § 45-1-4 (e) ("public employee" may institute civil action seeking reinstatement following termination in retaliation for reporting violation of law); OCGA § 45-1-4 (a) (3) (" 'Public employee' means any person who is employed by the executive, judicial, or legislative branch of the state or by any other department, board, bureau, commission, authority, or other agency of the state."); *North Ga. Regional Educational Svc. Agency v. Weaver,* 272 Ga. 289, 290 (527 SE2d 864) (2000) (OCGA § 45-1-4 does not apply to persons working for local government).

[9] See *Reilly,* supra at 280 ("Although there can be public policy exceptions to the [bar against wrongful discharge claims], judicially created exceptions are not favored, and Georgia courts thus generally defer to the legislature to create them."); *Mattox,* supra at 896; *Borden,* supra at 289-290.

[10] See *Mattox,* supra at 895-896; *Jellico v. Effingham County,* 221 Ga. App. 252, 253-254 (471 SE2d 36) (1996).

of Labor or his authorized representatives commits the offense of perjury." Reid's allegations potentially implicate these criminal provisions. Nothing in the statutes, however, authorizes a wrongful discharge claim on this basis, and we see no reason to create a judicial exception to the statutory bar here.[11]

Moreover, to the extent Reid's complaint alleges that the claimed false statements defamed him, such allegations fail as a matter of law. Communications between an employer and the DOL regarding a claim for unemployment benefits are "absolutely privileged and shall not be made the subject matter or basis for any action for slander or libel in any court of the State of Georgia."[12] Accordingly, the trial court properly dismissed the defamation claim.[13]

3. Finally, the trial court determined that Reid had not yet exhausted the administrative remedies relating to his unemployment benefits claim, precluding judicial review of that claim. The appellate record does not contain a transcript from the hearing on the defendants' motion to dismiss. In his appellate brief, however, Reid admits that the court learned at the hearing that he had filed an administrative appeal regarding these benefits. Given the lack of transcript — as well as Reid's admission — we must presume that the trial court properly found that the administrative process had not yet concluded.[14] It follows that the trial court did not err in dismissing this portion of Reid's complaint.[15]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 2, 2005.

Willie H. Reid, *pro se.*

---

[11] See *Reilly*, supra at 279-280; *Mattox*, supra at 896; *Borden*, supra at 289-290.

[12] OCGA § 34-8-122 (a). See also *Hightower*, supra at 72 (2); *Cox v. Brazo*, 165 Ga. App. 888, 890 (4) (303 SE2d 71) (1983).

[13] Reid's claim that the defendants "conspired" to make the false statements similarly fails as a matter of law. As we have found, "[w]here damage results from an act which, if done by one alone, would not afford ground of action, the like act would not be rendered actionable because done by several in pursuance of a conspiracy." *West Virginia Glass &c. Co. v. Guice & Walshe, Inc.*, 170 Ga. App. 556, 559 (2) (317 SE2d 592) (1984) (punctuation omitted).

[14] See *Strickland v. Auto-Owners Ins. Co.*, 273 Ga. App. 662, 665 (1) (615 SE2d 808) (2005) (when the appellate record lacks a transcript, " 'we must rely on the presumption in favor of the regularity of all proceedings in a court of competent jurisdiction, assume that the evidence was sufficient to support the trial court's ruling, and affirm the judgment' ").

[15] See OCGA § 34-8-223 (a) (judicial review of an administrative decision regarding unemployment compensation benefits "shall be permitted only after any party claiming to be aggrieved thereby has exhausted his or her administrative remedies"); see also OCGA § 34-8-220 et seq. (administrative remedies include an appeals process).

*Elarbee, Thompson, Sapp & Wilson, Douglas H. Duerr, Matthew N. Foree*, for appellees.