[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-12250
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 12, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00913-CV-WSD-1

JIMMY S. LAWAL,

Plaintiff-Appellant,

versus

RTM,
d.b.a. Winner International Co.,

Defendant,

DEBRA WILSON,
WINNERS INTERNATIONAL RESTAURANTS COMPANY
OPERATIONS, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(December 12, 2006)**

Before DUBINA, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Jimmy S. Lawal filed a *pro se* complaint against RTM and Debra Wilson seeking damages for wrongful termination, a violation of RTM's internal policies, conspiracy to defraud, intentional infliction of emotional distress, defamation, failure to approve vacation pay, failure to compensate for overtime pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a)(2), and violations of federal and Georgia RICO laws, 18 U.S.C. § 1961, O.C.G.A. § 16-14-4. Lawal now appeals the district court's denial of his motions to amend his complaint, denial of his motions for the district judge to recuse himself, grant of RTM's partial motion to dismiss for failure to state a claim, and dismissal of his remaining claim as a discovery sanction. We conclude the district court did not abuse its discretion in denying Lawal's motions to amend his complaint and for the district judge to recuse himself, and the district court did not err in dismissing his claims for failure to state a claim and as a discovery sanction.

## I. DISCUSSION

A. *Motions to Amend*

Lawal asserts the district court should have allowed him to amend his complaint to add claims for abandonment and age discrimination. A district court's refusal to grant leave to amend is reviewed for an abuse of discretion, although the underlying legal conclusion of whether a particular amendment to a

2

complaint would be futile is reviewed *de novo*. *Harris v. Ivax Corp.*, 182 F.3d 799, 802 (11th Cir. 1999). Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a). The district court, however, need not "allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

As to Lawal's proposed abandonment claim, he failed to describe his claim with any particularity or point to any authority establishing a duty owed to him by RTM to provide him with legal counsel in an unrelated proceeding. Because Lawal failed to make any cognizable claim for abandonment, this claim would have been futile.

As to Lawal's proposed age discrimination claim, he failed to make a showing of age discrimination, and, furthermore, admitted he failed to exhaust his administrative remedies. Additionally, Lawal filed his motion to amend after the close of discovery, making his request untimely and potentially prejudicial to RTM. Lawal's age discrimination claim would have failed, and amending his complaint to add the claim would have been futile. The district court did not abuse

3

its discretion by denying Lawal's motions to amend his complaint, as both his proposed abandonment and age discrimination claims would have been futile.

B. *Judicial Bias*

Lawal asserts the district court was biased because one of RTM's defense attorneys, Charles Gartland, became Judge Duffey's law clerk during the course of the proceedings. Lawal contends the court's denial of his various motions was evidence of the district court's bias.

We review a district judge's decision not to recuse himself for an abuse of discretion. *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999). Two statutes govern recusal: 28 U.S.C. §§ 144 and 455. *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983). Under § 144, a party can file a "timely and sufficient affidavit" complaining of a trial judge's personal bias. Section 455(a) instructs a federal judge to disqualify himself if "his impartiality might reasonably be questioned," and § 455(b) requires disqualification under specific circumstances, such as having personal bias against a party or personal knowledge of disputed facts. Furthermore, "adverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt." *Byrne v. Nezhat*, 261 F.3d 1075, 1103 (11th Cir. 2001).

The district judge did not abuse his discretion by denying Lawal's motion to recuse. First, Lawal failed to submit an affidavit supporting his motion to recuse for over a year after the case was transferred to Judge Duffey. Section 144 states a timely affidavit is one submitted "not less than ten days before the beginning of the term at which the proceeding is to be heard." Lawal's first motion to recuse was not accompanied by an affidavit, and his second motion and affidavit were not timely. Furthermore, pursuant to § 455, Lawal had to show Judge Duffey's personal bias. Lawal established only that adverse rulings were issued against him, not that the rulings demonstrated a personal bias on the part of the district judge. *See Byrne*, 261 F.3d at 1103. Additionally, "when a judge's law clerk has a possible conflict of interest . . ., it is the clerk, not the judge, who must be disqualified." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1525 (11th Cir. 1988). Judge Duffey's isolation of Gartland from these proceedings was proper and sufficient, as this Court has explained that "isolating a law clerk should . . . be acceptable when the clerk's former employer appears before the court." *Byrne*, 261 F.3d at 1102. Lawal failed to show any personal bias on the part of the district judge, and the court did not abuse its discretion in denying Lawal's motions to recuse.

5

C. *Dismissal of Claims*

Next, Lawal contends the district court wrongfully dismissed for failure to state a claim his claims for wrongful termination, violation of RTM's internal policies, conspiracy to defraud, intentional infliction of emotional distress, defamation, failure to approve vacation pay, and violations of federal and Georgia RICO laws. Lawal also contends the district court erred by dismissing his claim for overtime pay, owed to him pursuant to the FLSA, because he worked more than 40 hours per week, but was not compensated for that work.

We review a grant of a motion to dismiss for failure to state a claim *de novo*, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1187 (11th Cir. 2004) (quotations and citation omitted). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001) (*en banc*). Furthermore, we liberally construe *pro se* filings. *McBride v. Sharpe*, 25 F.3d 962, 971 (11th Cir. 1994). However, "[t]o survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face

6

dismissal of their claims." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004).

### 1. *Wrongful Termination; Violation of RTM's Internal Policies*

Georgia law provides an employer may terminate an at-will employee for any or no reason, and an at-will employee cannot recover for wrongful discharge. O.C.G.A. § 34-7-1; *Reid v. City of Albany*, 622 S.E.2d 875, 877 (Ga. Ct. App. 2005). Here, Lawal has not provided any evidence of an employment contract with RTM, so he was an at-will employee. Further, Georgia law provides an employer need not comply with internal policies in terminating an at-will employee. *Lane v. K-Mart Corp.*, 378 S.E.2d 136, 137 (Ga. Ct. App. 1989). Thus, RTM was permitted to terminate Lawal's employment for any or no reason, and the district court did not err in dismissing his claim for wrongful termination.

### 2. *Conspiracy to Defraud*

Lawal claimed Angela Pettaway and Debra Wilson engaged in a deceitful and fraudulent conspiracy to have him transferred to Wilson's supervision so Wilson could terminate his employment. In order for Lawal to recover for his claim for fraudulent conspiracy, he must show "two or more persons, acting in concert, engaged in conduct that constitutes a tort. Absent the underlying tort, there can be no liability for civil conspiracy." *Mustaqeem-Graydon v. SunTrust*

7

*Bank*, 573 S.E.2d 455, 461 (Ga. Ct. App. 2002) (quotations and citations omitted).

"The tort of fraud has five elements: a false representation by [the] defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by the plaintiff, and damage to the plaintiff." *Id.* Here, Lawal has not established Pettaway or Wilson made any false representation to him in attempt to induce him to act or refrain from acting, and he therefore cannot establish a conspiracy on their part to defraud him. The district court did not err in dismissing this claim.

3. *Intentional Infliction of Emotional Distress*

Lawal asserts Wilson and RTM humiliated and embarrassed him by fraudulently transferring him to a different area and by making a slanderous statement about him. In order to state a claim for intentional infliction of emotional distress under Georgia law, Lawal must establish the following elements:

> (1) The conduct must be intentional or reckless; (2) The conduct must be extreme and outrageous; (3) There must be a causal connection between the wrongful conduct and the emotional distress; and (4) The emotional distress must be severe. . . . Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

8

*Northside Hospital, Inc. v. Ruotanen*, 541 S.E.2d 66, 68-69 (Ga. Ct. App. 2000) (quotations and citations omitted). Lawal's claim Wilson and RTM humiliated and embarrassed him by fraudulently transferring him to a different area and by making a slanderous statement do not rise to the level that Georgia courts have set in order to prove intentional infliction of emotional distress, and the district court did not err in dismissing this claim.

4. *Defamation*

Lawal claimed RTM and Wilson knowingly submitted false information in order to terminate his employment. For example, he stated Pettaway and Wilson presented "falsified information" to another supervisor in order to have him transferred to Wilson's supervision, and Wilson presented derogatory and slanderous allegations at his internal unemployment compensation hearing. In a suit by a private individual for defamation, the plaintiff must prove: "(1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special harm . . . ." *Mathis v. Cannon*, 573 S.E.2d 376, 380 (Ga. 2002) (quotations and citation omitted). Under Georgia law, statements made by an employer during an unemployment compensation hearing are absolutely privileged. O.C.G.A. § 34-8-122(a). Thus, Lawal cannot base his defamation

9

claim on any statements made by an RTM employee at his unemployment compensation hearing, and he has failed to claim any other alleged statements made by an RTM employee about him were made known to a third party. Thus, he has failed to state a claim for defamation.

5. *Vacation Pay*

Lawal claimed he lost vacation pay to which he was entitled because of his termination. Lawal, however, failed to claim the existence of a contract with RTM entitling him to vacation pay, and he did not claim such a right pursuant to a federal or Georgia statute. Lawal failed to make a cognizable claim for vacation pay, and the district court did not err in dismissing this claim.

6. *Federal and Georgia RICO Claims*

Lawal claimed RTM violated federal and Georgia RICO laws by engaging in a general practice of having its employees work overtime and then denying them compensation for that overtime and denying them vacation pay. Under federal and Georgia law, a plaintiff must show a "pattern of racketeering activity" by alleging the defendants committed two qualifying predicate acts. *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1087 (11th Cir. 2004); O.C.G.A. § 16-14-3(8)(A). Lawal failed to claim RTM committed two qualifying predicate acts, and thus, the district court did not err in dismissing Lawal's federal and Georgia RICO claims.

10

7. *Overtime*

The district court dismissed Lawal's overtime claim under the FLSA as a sanction because Lawal was not complying with discovery. We review a district court's dismissal of an action as a discovery sanction for an abuse of discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 96 S. Ct. 2778, 2780 (1976). A district court has the authority to impose sanctions, including dismissal, on a party for abuse of the discovery process. Fed. R. Civ. P. 37(b)(2)(C). Rule 37(b)(2)(C) provides, "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others . . . an order . . . dismissing the action or proceeding or any part thereof . . . ." "Dismissal with prejudice is the most severe Rule 37 sanction . . . . But [it] may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault." *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) (citation omitted). Because dismissal with prejudice is considered a drastic sanction, a district court may only implement it as a last resort, when a party's failure to comply with a court order is a result of willfulness or bad faith and the district court finds that lesser sanctions would not suffice. *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

The district court did not abuse its discretion in dismissing Lawal's claim for overtime pay, as it based its decision on evidence of Lawal's willful refusal to comply with its discovery order. On September 28, 2005, the district court (1) granted RTM's motion to compel discovery responses from Lawal, (2) ordered Lawal to respond to RTM's discovery requests and make himself available to be deposed on or before November 4, 2005, and (3) warned Lawal that failure to comply with the order could result in dismissal of his action. On October 20, 2005, RTM moved the district court to impose sanctions on Lawal, reporting that Lawal willfully refused to respond to its discovery requests and appear at his scheduled deposition. In granting RTM's motion, the district court noted: (1) RTM tried numerous times to obtain discovery from Lawal; (2) the district court had warned Lawal that failure to obey the court's order could result in a dismissal of his case; and (3) Lawal failed to oppose RTM's motion for sanctions. It placed significance in Lawal's response to RTM's letter to Lawal requesting his appearance at a deposition, where Lawal stated: "[B]efore you can take my deposition, you must also agree[] to tender your clients for their own depositions as well[,] or wait[] until the court recuses [it]self, or for the court to dismiss the case, when we move to [the] appellate court. The choice is yours."

12

The court found Lawal's failure to comply with the court's order was due to his wilfulness and bad faith, and "lesser sanctions will not suffice to ensure compliance with the Court's orders" because the record demonstrated Lawal failed to respond to previous discovery requests. Lawal's response to RTM's letter to schedule a deposition demonstrates his wilful disregard of the court's order. Because the record fully supports the district court's dismissal of Lawal's remaining claim, it did not abuse its discretion. *See Malautea*, 987 F.2d at 1542.

## II. CONCLUSION

The district court did not abuse its discretion in denying Lawal's motions to amend his complaint and for the district judge to recuse himself, and the district court did not err in dismissing his claims for failure to state a claim and as a discovery sanction.

**AFFIRMED.**