**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

July 13, 2012

# In the Court of Appeals of Georgia

A12A0529. FULTON COUNTY v. COLON.
A12A0530. FULTON COUNTY v. WARREN.

ANDREWS, Judge.

Maria Colon and Gwendolyn Warren filed separate actions against Fulton County pursuant to OCGA § 45-1-4, the whistle-blower statute. The related actions alleged that, while employed by the County, Colon and Warren jointly disclosed to County supervisors the manner in which various County employees were violating laws, rules, and regulations, and were fraudulently wasting and abusing County funds and public money, and that they refused to participate in a cover-up of the fraud. The actions further alleged that, in violation of the whistle-blower protection granted under OCGA § 45-1-4, the County retaliated against them by terminating Warren's employment as Deputy County Manager, and demoting Colon from her employment

as an investigative officer for the County's Office of Professional Standards. Accordingly, the actions sought compensatory damages and other relief provided under OCGA § 45-1-4.

Consolidated for this opinion are Fulton County's appeals from the trial court's denial of identical motions filed in each action by which the County sought: (1) dismissal pursuant to OCGA § 9-11-12 (b) (1) for lack of subject matter jurisdiction on the basis that the County's sovereign immunity barred the action; and (2) for judgment on the pleadings.[1] For the following reasons: (1) we vacate the trial court's order denying the motions for dismissal pursuant to OCGA § 9-11-12 (b) (1) for lack of subject matter jurisdiction on the basis of sovereign immunity; and (2) vacate in part and affirm in part the trial court's order denying the motions for judgment on the pleadings. We remand for proceedings consistent with this opinion.

1. The trial court correctly rejected Fulton County's claims that the whistle-blower statute does not constitute a valid waiver of the sovereign immunity from suit

---

[1] Although the order denying the County's motion pursuant to OCGA § 9-11-12 (b) (1) was not a directly appealable final judgment under OCGA § 5-6-34 (a) (1), pursuant to the collateral order exception to the final judgment rule, we have jurisdiction to consider the County's direct appeal from the denial of its sovereign immunity defense. *Bd. of Regents of the Univ. System of Ga. v. Canas*, 295 Ga. App. 505, 506-507 (672 SE2d 471) (2009); *In re Paul*, 270 Ga. 680, 682-683 (513 SE2d 219) (1999).

provided to counties under the Georgia Constitution. Asserting the defense of sovereign immunity to the whistle-blower actions, Fulton County moved pursuant to OCGA § 9-11-12 (b) (1) for dismissal of both actions for lack of subject matter jurisdiction. *Bonner v. Peterson*, 301 Ga. App. 443 (687 SE2d 676) (2009). Because Colon and Warren sought to benefit from the waiver of the County's sovereign immunity from suit, they had the burden of establishing the waiver. Id.; *Dept. of Transp. v. Dupree*, 256 Ga. App. 668, 671-672 (570 SE2d 1) (2002); *Conrad v. Conrad*, 278 Ga. 107, 109 (597 SE2d 369) (2004).

Under the Georgia Constitution, sovereign immunity from suit is extended to all state counties and "can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." Ga. Const. 1983, Art. I, Sec. II, Par. IX (e); *Gilbert v. Richardson*, 264 Ga. 744, 746-748 (452 SE2d 476) (1994); OCGA § 36-1-4. Moreover, [i]mplied waivers of governmental immunity should not be favored." *City of Atlanta v. Gilmere*, 252 Ga. 406, 409 (314 SE2d 204) (1984). Fulton County contends that OCGA § 45-1-4 cannot be construed to waive its sovereign immunity because the statute does not do so expressly and specifically. Although OCGA § 45-1-4 nowhere contains the terms "sovereign immunity" or "waived," a specific waiver of sovereign

immunity and the extent of such waiver under Art. I, Sec. II, Par. IX (e) does not require that the Act of the General Assembly expressly state "sovereign immunity is hereby waived." We find that the cause of action for relief set forth in OCGA § 45-1-4 unambiguously expresses a specific waiver of sovereign immunity and the extent of such waiver.

> Where a legislative act creates a right of action against the state which can result in a money judgment against the state treasury, and the state otherwise would have enjoyed sovereign immunity from the cause of action, the legislative act *must* be considered a waiver of the state's sovereign immunity to the extent of the right of action – or the legislative act would have no meaning.

*Williamson v. Dept. of Human Resources*, 258 Ga. App. 113, 115 (572 SE2d 678) (2002). Accordingly, to the extent that Colon and Warren asserted causes of action under OCGA § 45-1-4, Fulton County's sovereign immunity is waived.

2. The trial court erred, however, by ruling that Colon and Warren asserted causes of action under OCGA § 45-1-4 (and the County's sovereign immunity was therefore waived) on the basis that they disclosed to the County violations of a law, rule, or regulation as defined in OCGA § 45-1-4 (a) (2) and (d), regardless of whether the disclosures provided information about "fraud, waste, and abuse in or relating to

4

any state programs and operations under the jurisdiction of such public employer," as set forth in OCGA § 45-1-4 (b). Considering the entire statutory scheme including its history and purpose, we find that the legislature did not intend for OCGA § 45-1-4 to be so broadly construed. We find that the above-quoted language in subsection (b) of the statute acts as a limit on whistle-blower protection provided under the statute, and that, where the complaint about fraud, waste, and abuse is made to a public employer defined under OCGA § 45-1-4 (a) (4) as a state-funded local governmental entity, whistle-blower protection is limited to a complaint related to a state-funded program or operation under the jurisdiction of the public employer.

When OCGA 45-1-4 was enacted in 1993, the preamble to the Act stated that its general purposes were "to regulate the receiving and investigating of complaints or information from public employees concerning fraud, waste, and abuse in or relating to any state programs or operations . . . to provide for confidentiality . . . [and] to prohibit retaliatory action." Ga. L. 1993, p. 563. In the 1993 enactment, the statute defined "public employer" as "the executive branch of the state and any other department, board, bureau, commission, authority, or other agency of the state which employs or appoints a public employee or public employees except the Office of the Governor, the judicial branch, or the legislative branch," and similarly defined a

5

"public employee" as a person employed by the executive branch or a state agency subject to the same exceptions. Former OCGA § 45-1-4 (a) (1), (2), enacted by Ga. L. 1993, p. 563-564. Accordingly, the 1993 version applied "solely to persons employed in state government" but did not apply "to persons who work in the governor's office, the General Assembly, the judicial branch of state government, or any local unit of government." *North Georgia Regional Educational Service Agency v. Weaver*, 272 Ga. 289, 290 (527 SE2d 864) (2000). In 2005, the statute was amended to expand whistle-blower protection to public employees in all branches of state government by defining "public employer" as "the executive, judicial, or legislative branch of the state or any other department, board, bureau, commission, authority, or other agency of the state which employs or appoints a public employee or public employees," and by adopting a similar definition of a "public employee" as a person employed by any branch of state government. Former OCGA § 45-1-4 (a) (3), (4), enacted by Ga. L. 2005, p. 899-900. The 2005 amendment added language to subsection (d) of the statute providing that retaliation against a public employee prohibited in subsections (d) (1) and (d) (2) was for employee disclosures or refusals to participate in "violation of or noncompliance with a law, rule, or regulation." OCGA § 45-1-4 (d) (1), (d) (2). The 2005 amendment also provided remedies to a

6

public employee who has been the object of retaliation in violation of the statute. OCGA § 45-1-4 (e) (f). The statute was again amended in 2007 to further expand whistle-blower protection by defining "public employer" to include not only all branches of state government but also "any local or regional governmental entity that receives any funds from the State of Georgia or any state agency." OCGA § 45-1-4 (a) (4). Similarly, the definition of "public employee" was expanded in 2007 to include "all employees, officials, and administrators of any agency covered under the State Personnel Administration and any local or regional governmental entity that receives any funds from the State of Georgia or any state agency." OCGA § 45-1-4 (a) (3). In conjunction with amendments expanding the definition of public employer to include complaints made to state-funded local or regional governmental entities, the statute, as amended, retained provisions in subsection (b) providing that the receipt and investigation of public employee complaints about fraud, waste, and abuse is limited to those complaints "in or relating to any state programs and operations under the jurisdiction of such public employer." OCGA § 45-1-4 (b). Moreover, the preambles to the original 1993 Act and to the 2005 and 2007 Acts amending the statute make clear that the unchanged purposes of the statute are to provide confidentiality and employment protection to public employees who

7

complain to their public employers regarding "fraud, waste, and abuse in state programs and operations." Ga. L. 1993, p. 563; Ga. L. 2005, p. 899; Ga. L. 2007, p. 298.

Several rules of statutory construction are relevant to determining under these facts the extent to which the current version of OCGA § 45-1-4 provides whistle-blower protection.

> First, courts should construe a statute to give sensible and intelligent effect to all of its provisions and should refrain, whenever possible, from construing the statute in a way that renders any part of it meaningless. Second, a court's duty is to reconcile, if possible, any potential conflicts between different sections of the same statute, so as to make them consistent and harmonious. Third, in construing language in any one part of a statute, a court should consider the entire scheme of the statute and attempt to gather the legislative intent from the statute as a whole. Fourth, in attempting to ascertain legislative intent of a doubtful statute, a court may look to the caption of the act and its legislative history.

*Sikes v. State*, 268 Ga. 19, 21 (485 SE2d 206) (1997) (punctuation, citations, and footnotes omitted). In its current version, the general scheme of OCGA § 45-1-4 is set forth in subsections (b), (c), and (d), which act together to address the purposes for which the statute was enacted. Subsection (b) provides that a public employer "may receive and investigate complaints or information from any public employee

8

concerning the possible existence of any activity constituting fraud, waste, and abuse in or relating to any state programs and operations under the jurisdiction of such public employer." In conjunction with subsection (b), subsection (c) provides that a public employer "shall not after receipt of a complaint or information from a public employee disclose the identity of the public employee" except upon certain conditions. Also in conjunction with subsection (b), subsection (d) prohibits a public employer from taking any adverse employment action as retaliation[2] against a public employee who, by disclosing a violation of a law, rule, or regulation[3] complains or provides information about such waste, fraud and abuse. See *Weaver*, 272 Ga. at 290 (construing former version of OCGA § 45-1-4); *Caldon v. Bd. of Regents of the Univ. System of Ga.*, 311 Ga. App. 155, 158-159 (715 SE2d 487) (2011). Subsection (b) acts within this statutory scheme to limit whistle-blower protection provided under the statute to situations where the public employer receives complaints from the public employee concerning waste, fraud, and abuse relating to state programs and

---

[2] "Retaliation" refers to discharge, suspension, demotion, or any other adverse employment action taken against the public employee for making the disclosure. OCGA § 45-1-4 (a) (5).

[3] A "[l]aw, rule, or regulation includes any federal, state, or local statute or ordinance or any rule or regulation adopted according to any federal, state, or local statute or ordinance." OCGA § 45-1-4 (2).

9

operations under the jurisdiction of the public employer. This gives sensible meaning to the language of subsection (b) and construes it in harmony with other parts of the statute and with the purpose for which the statute was enacted. Moreover, as set forth above, the preambles or captions to the original 1993 Act and to the 2005 and 2007 Acts amending the statute are additional evidence of legislative intent and demonstrate that the original and unchanged purpose of the statute is to provide confidentiality and employment protections to public employees in the context of regulating the receipt and investigation of complaints from those employees "concerning fraud, waste, and abuse in or relating to any state programs or operations." Ga. L. 1993, p. 563; Ga. L. 2005, p. 899; Ga. L. 2007, p. 298; *Brown v. Earp*, 261 Ga. 522, 523-524 (407 SE2d 737) (1991).

The parties do not dispute that Fulton County qualifies as a "public employer" under OCGA § 45-1-4 (a) (4) because it is a "local or regional governmental entity that receives any funds from the State of Georgia or any state agency." OCGA § 45-1-4 (a) (4). Under the limiting language of OCGA § 45-1-4 (b), whistle-blower protection would apply only to the extent that Colon and Warren, by disclosing the violation of a law, rule, or regulation, complained to the County about fraud, waste, and abuse relating to state programs and operations under the jurisdiction of the

10

County. Construing these parts of the statute together with the entire statutory scheme, we find that Colon and Warren were entitled to assert causes of action under OCGA § 45-1-4 (and therefore Fulton County's sovereign immunity was waived) only to the extent that their complaints related to a state-funded program or operation under the jurisdiction of the County. This construes the statute to provide that the state programs or operations under County jurisdiction must be funded at least in part by the state but need not be of state origin. This construction provides the broadest whistle-blower protection consistent with reconciling the statutory requirement that the complaint about waste, fraud, and abuse be in or related to state programs or operations under the jurisdiction of the public employer, and the requirement that local or regional governmental entities qualify as public employers only if they receive funds from the state.

Because the trial court misconstrued OCGA § 45-1-4, it did not address the factual issue necessary to determine if Fulton County was entitled to sovereign immunity – whether, by disclosing the violation of a law, rule, or regulation, Colon and Warren complained to the County about fraud, waste, and abuse relating to a state-funded program or operation under the jurisdiction of the County. Accordingly, the trial court's denial of the County's motions to dismiss for lack of subject matter

11

jurisdiction on the basis of sovereign immunity is vacated, and the case is remanded for the trial court to make this factual determination.

3. Fulton County moved alternatively for judgment on the pleadings pursuant to OCGA § 9-11-12 (c) against Colon and Warren on the basis that neither of their suits could be construed to allege that their complaints to the County about waste and abuse of County funds and public money were related to state programs and operations under the County's jurisdiction. Because the trial court misconstrued the basis for their causes of action under OCGA § 45-1-4 (see division 2, supra) the court did not address this claim. Accordingly, we also vacate the trial court's denial of the County's motions for judgment on the pleadings on this basis and remand for reconsideration consistent with this opinion.

We find no merit to the County's additional claim that it was entitled to judgment on the pleadings because the allegations in Warren's action show that she was a high-level employee not entitled to protection under OCGA § 45-1-4. The County contends that, as Deputy County Manager, Warren received whistle-blower complaints and directed investigations, and thus she was incapable of making a complaint. We find nothing in OCGA § 45-1-4 providing that a public employee whose job it is to receive complaints is excluded from protection from retaliation

12

under subsections (d) (2) or (d) (3). Accordingly, the trial court's denial of the County's motion for judgment on the pleadings against Warren on this basis is affirmed.

*Judgment affirmed in part; vacated in part, and case remanded. Doyle, P. J., and Boggs, J., concur.*

13