**FOURTH DIVISION**
**ANDREWS, P. J.,**
**DOYLE, P. J., and BOGGS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**June 25, 2014**

# In the Court of Appeals of Georgia

A12A0529. FULTON COUNTY v. COLON.
A12A0530. FULTON COUNTY v. WARREN.

ANDREWS, Presiding Judge.

In *Fulton County v. Colon*, 316 Ga. App. 883 (730 SE2d 599) (2012), we consolidated the captioned appeals by Fulton County in actions brought by Maria Colon and Gwendolyn Warren pursuant to OCGA § 45-1-4, the whistleblower statute. In those cases, the County appealed from the trial court's denial of identical motions filed in each action. In the motions, the County sought: (1) dismissal pursuant to OCGA § 9-11-12 (b) (1) for lack of subject matter jurisdiction on the basis that the County's sovereign immunity barred the action; and (2) for judgment on the pleadings (a) because the whistleblower complaints did not relate to a "state program or

operation," and (b) because Warren was a high-level employee not entitled to whistleblower protection.

As to the motions seeking dismissal on the basis of sovereign immunity, we concluded that the trial court correctly found that OCGA § 45-1-4 expresses a specific waiver of sovereign immunity and the extent of the waiver. As to the motions seeking judgment on the pleadings because the complaints did not relate to a "state program or operation," we construed OCGA § 45-1-4 and, based on that statutory construction, vacated the trial court's denial of the motions on that issue and remanded. In light of our construction of OCGA § 45-1-4, we also vacated the trial court's denial of the motions on the sovereign immunity issue and remanded. As to the motion seeking judgment on the pleadings on the basis that Warren was not entitled to whistleblower protection because she was a high-level employee, we affirmed the trial court's denial of the motion. Accordingly, in *Colon*, supra, we affirmed the trial court's judgment in part, and vacated in part and remanded.

In *Colon v. Fulton County*, 294 Ga. 93 (751 SE2d 307) (2013), the Supreme Court affirmed our decision in *Colon*, 316 Ga. App. 883, "insofar as it relates to the express waiver of sovereign immunity created by OCGA § 45-1-4," but disagreed with and reversed our construction of OCGA § 45-1-4. *Colon*, 294 Ga. at 96-100.

2

Accordingly, our decision in *Colon*, 294 Ga. App. 883, is vacated to the extent it was reversed by the Supreme Court, and the judgment of the Supreme Court is made the judgment of this Court. It follows that the judgment of the trial court denying Fulton County's motions in the captioned appeals seeking dismissal for lack of subject matter jurisdiction on the basis of sovereign immunity, and seeking judgment on the pleadings is affirmed.

*Judgment affirmed. Doyle, P. J., and Boggs, J. concur.*